Jonathan Cohen
12975 Harwick Lane
San Diego, CA 92130
(858) 342-6950
jonathan@jonathancohen.net



FILED

May 18 2023

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY    s/ melindajwilliams         DEPUTY

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN COHEN,<br><br>     Plaintiff,<br><br> v.<br><br>NATIONAL GUARD BUREAU,<br><br>     Defendant. | Case No.: '23 CV0910 DMS BLM<br>COMPLAINT |

1

INTRODUCTION

Plaintiff is exploring military issues, military law and regulations, and aviation.

Plaintiff has submitted multiple requests to obtain information from military agencies. This action concerns one request for a document from the National Guard Bureau.

Plaintiff has included a request for relief below. If the issues cannot be resolved with an amicable conference, Plaintiff will request a court order for the agency to proceed with the request as required.

JURISDICTION

1.     This court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question). This action arises under 5 U.S.C. § 552.

2.     In addition, a district court shall not have jurisdiction of a civil action in which any party has been improperly or collusively made or joined to invoke the jurisdiction of such court. *See* 28 U.S.C. § 1359.

3.     In a civil action under 5 U.S.C. § 552, this court may "enjoin the agency from withholding agency records" and "order the production of any agency records improperly withheld from the complainant." *See* 5 U.S.C. § 552(a)(4)(B).

4.     In a civil action under 5 U.S.C. § 552, the court shall determine the matter de novo and the burden is on the agency to sustain its action. *See* 5 U.S.C. § 552(a)(4)(B).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## VENUE

5.     Rules for the place of trial are published at Title 28, United States Code, section 1391. Venue is proper in the Southern District of California because Defendant is a federal agency, Plaintiff resides in this judicial district, and a substantial part of the events or omissions giving rise to the claim occurred in this district. *See* 28 U.S.C. § 1391(e).

## COURT RULES

6.     Court rules for pleading in a civil action are published in the Federal Rules of Civil Procedure.[1] Additional court rules are available in this court's Local Rules.[2] Court rules for legal citations are published under Local Rule 5.1(l).[3]

## CONDUCT

7.     The California Rules of Professional Conduct, for lawyers, are available on the State Bar of California website.[4] This court's Local Rules include a Code of Conduct with additional rules on professionalism.[5] The oath and duties of a California attorney are stated in the California Business and Professions Code.[6] The Code of Conduct for United States Judges is available on the U.S. Courts website.[7]

---

[1] *See, e.g.*, Fed. R. Civ. P. 8.

[2] CivLR 5.1.

[3] CivLR 5.1(l).
[4] Rules of Pro. Conduct (Sup. Ct. of Cal. approved 2018).
[5] CivLR 2.1.
[6] Cal. Bus. & Prof. Code §§ 6067, 6068.
[7] Code of Conduct for U.S. Judges (Jud. Conf. of the U.S. 2019).

SERVICE

8.    Service will be proper if Plaintiff sends a copy of the summons and complaint by certified mail to the U.S. Attorney General, the Civil Division at the Office of the United States Attorney for the Southern District of California, and the National Guard Bureau General Counsel. *See* Fed. R. Civ. P. 4(i).

PARTIES

9.    Plaintiff Jonathan Cohen resides in Carmel Valley, San Diego. Plaintiff is exploring military issues, military law and regulations, and aviation. Plaintiff has submitted multiple requests to obtain information from government agencies.

10.    Defendant the National Guard Bureau is a joint activity of the Department of Defense.[8]

11.    The Chief of the National Guard Bureau is responsible for the organization and operations of the National Guard Bureau.[9] The Honorable Gen. Daniel R. Hokanson is the current Chief of the National Guard Bureau. The Chief of the National Guard Bureau is also a member of the Joint Chiefs of Staff. The Honorable Lt. Gen. Marc H. Sasseville is the current Vice Chief of the National Guard Bureau.

12.    On information and belief, the National Guard Bureau General Counsel has been delegated authority to respond to requests under 5 U.S.C. § 552. Under the Federal Rules of Civil Procedure, Rule 17(d), the court may order the name of a Defendant officer to be added to the case.[10]

---

[8] 10 U.S.C. § 10501.
[9] *See generally* 10 U.S.C. § 10502.
[10] *See* Fed. R. Civ. P. 17(d).

4

FACTS

**If the 20-day time limit of 5 U.S.C. § 552(a)(6)(A)(i) was applicable, the agency response to the request has not been timely.**
**Plaintiff has not received a response to the request letters.**

13.     On November 7, 2022, Plaintiff submitted a request to the National Guard Bureau via U.S. Postal Service First-Class Mail. Plaintiff requested an NGB document.

14.     If the agency received the letter, the 20-day time limit of 5 U.S.C. § 552(a)(6)(A)(i) elapsed around December 12, 2022.

15.     On April 10, 2023, Plaintiff submitted another request for the document to the National Guard Bureau via U.S. Postal Service Certified Mail. The letter was delivered on April 18, 2023.

16.     On April 20, 2023, Plaintiff called the National Guard Bureau FOIA Public Liaison.

17.     On April 20, 2023, Plaintiff sent an email to the National Guard Bureau FOIA Public Liaison.

18.     The 20-day time limit of 5 U.S.C. § 552(a)(6)(A)(i) elapsed with respect to the second letter on May 16, 2023.

19.     As of May 18, 2023, Plaintiff has not received a response to inquiries by postal mail, phone, and email.

## LEGAL ALLEGATIONS

20.     Public Law 89-554 became law in 1966. The law was codified at 5 U.S.C. §§ 501–576. The law established a framework for federal administrative procedure.[11] The law included provisions related to Definitions (5 U.S.C. § 551), access to government information (5 U.S.C. § 552), Rule making (5 U.S.C. § 553), Adjudications (5 U.S.C. § 554), Hearings (5 U.S.C. § 556), Judicial review (5 U.S.C. §§ 701–706), and other subjects.

21.     Under 5 U.S.C. 552, agencies of the federal government are required to provide certain government information to the public. Some categories of information should be disclosed automatically, and some categories of information should be disclosed in response to a request. *See generally* 5 U.S.C. § 552(a)(1), (a)(2), (a)(3). Some information is exempt from disclosure. *See* 5 U.S.C. § 552(b)–(c).

22.     5 U.S.C. § 552 is often referred to as the Freedom of Information Act even though Public Law 89-554 did not use the term FOIA.

---

[11] *See generally* AN ACT To enact title 5, United States Code, "Government Organization and Employees", codifying the general and permanent laws relating to the organization of the Government of the United States and to its civilian officers and employees., Pub. L. No. 89-554, 80 Stat. 378 (Sept. 6, 1966).

23.     In the Electronic Freedom of Information Act Amendments of 1996, Congressional findings stated that it is the purpose of 5 U.S.C. § 552 to require agencies of the federal government to make certain agency information available for public inspection and copying and to establish and enable enforcement of the right of any person to obtain access to records of such agencies, subject to statutory exemptions, for any public or private purpose.[12] Congress also provided that the purpose of the amendment was to "ensure agency compliance with statutory time limits."[13]

24.     In the OPEN Government Act of 2007, Congress found that the Freedom of Information Act establishes a strong presumption in favor of disclosure, which Congress characterized as a fundamental "right to know".[14]

25.     Under 5 U.S.C. § 552(a)(6)(A)(i), an agency typically has 20 days to respond after it receives a request.

26.     5 U.S.C. § 552 does not provide any express affirmative defenses for an agency that does not respond to an appeal on a timely basis. However, Defendant may have a reasonable justification for the delay.

---

[12] *See* Electronic Freedom of Information Act Amendments of 1996, Pub. L. No. 104-231, 110 Stat. 3048, 3048 (Oct. 2, 1996).
[13] *Id.*
[14] *See* OPEN Government Act of 2007, Pub. L. No. 110-175, 121 Stat. 2524, 2524–2525 (Dec. 31, 2007).

7

CAUSE OF ACTION

27.    Under 5 U.S.C. § 552, there is a cause of action or remedy to obtain from the court an order for production of requested records that have been improperly withheld.

REQUEST FOR RELIEF

A.    Plaintiff will request an amicable conference with the Defendant's counsel to determine if the agency has constructively denied the request. Plaintiff would agree to a friendly conference, mediation, or a consent judgment.

B.    If the parties cannot resolve the issues, Plaintiff intends to ask the court for the injunctive relief available under 5 U.S.C. § 552. Plaintiff would request a court order for the agency to respond to the request.

C.    If Plaintiff prevails, Plaintiff will request costs and fees.

Respectfully submitted,

Jonathan Cohen
May 18, 2023

8